The next case on calendar for argument is United States v. Cox. Council for appellate please proceed. Thank you, your honors. Good morning and may it please the court. My name is Anne Wagner on behalf of Francis Shaper Cox. I'd like to reserve two minutes for rebuttal. During Mr. Cox's last appeal, this court held that a request to provide self-defense against admittedly fictitious federal agents was insufficient evidence for solicitation to murder federal officials. On remand, a review of the trial transcript made clear that the government had urged the jury to convict Mr. Cox of conspiracy to murder federal officials based on the same factual scenario. It's true that this court upheld the sufficiency of the evidence on the conspiracy count based on a separate theory of legal liability, but nothing in the record indicated that the jury had indicated on that theory as opposed to the flawed theory of the fictitious federal assassins. Council, before we get into the merits, can I just ask you a question on our court's to our court is the All Writs Act. Is that correct? That's correct. The Supreme Court in the United States versus Morgan held that such writs had jurisdiction under the All Writs Act. But don't you have to show to have jurisdiction under the All Writs Act that there's no other avenue of relief before, meaning the All Writs Act is a last resort. If there's any other avenue for relief, we don't have jurisdiction. Absolutely. And the reason why we brought an Aditya Karela motion here was that there was an important gap in the post-conviction landscape. And that's what the United States versus Morgan requires. And that is absolutely applicable here. What is the gap? Mr. Cox needed relief on this claim after remand, but before resentencing. So a 2255 is not available before the conviction becomes final. Why couldn't he wait until after sentencing to press his claim for relief? These issues were directly relevant to sentencing. You can read the resentencing transcripts that's included in our ERs. And the judge actually assumed for the purpose of an important guidelines argument on official victims that the jury had relied on the KJNP fictitious federal assassins theory. That was a necessary decision for the resentencing. If the court impermissibly relied on facts and sentencing under a 2255, you have a remedy for that. And it could be remanded for resentencing considering what was permissible. So I don't understand why that constituted a gap in the procedural process. Well, we're not denying that there may eventually be a 2255 remedy here. I certainly don't want to prejudice my client in denying that. But at the time, before resentencing. The problem is in conceding that, that seems to sink this appeal. That's absolutely not your honor. Well, but if we like, go ahead, answer. I'd like to draw the court's attention to the American jurisprudence definition of Aditya Karela that was cited by the government in their answering brief at page 24. And one thing that that discussion makes very clear is that Aditya Karela is specifically appropriate after the entry of the judgment, but before it's carried out. And in the criminal proceedings where Aditya Karela may now be applicable, that's exactly the situation that we have here. There was a judgment of conviction, but it hadn't been yet been carried out in a resentencing. And that's precisely the very narrow point in time when an Aditya Karela motion is that. So if we adopted your argument, wouldn't we just open up the doors to a whole bunch of criminals? They'd love to get another bite at the apple to come up to us making these same arguments. What sets your case apart from any other defendant who could just bring it up in a habeas petition later? What sets our case apart is a novel legal issue. I mean, there's a reason that there has never been a Ninth Circuit case that has granted Aditya Karela motions, even though Doe versus INS supplied a definition that is applicable to this case. And that is that there has to be a novel legal development that was not available as a defense prior in prior proceedings. And that is exactly what happened here. There was no Ninth Circuit precedent. There wasn't precedent anywhere about the effect of a fictitious federal assassin team being federal or not being federal. And the only time that that rule was announced, based on FIOLA, but FIOLA was not about fictitious assassins, was in the memorandum opinion in this case. So counsel, you would have us rule that any time a novel legal issue evolves between the time of conviction and sentencing, the writ is available? That's what you're asking us to rule? It cannot have been available previously. And it has to be a legal defense, not an equitable one. And it has to be a pretty broad window for post-conviction pre-sentencing challenges, separate and apart from a writ of habeas corpus. My suggestion is if this court holds that it's not available in this context, which is exactly, it fulfills all the elements that were required by Doe versus INS, then you're going to say that the writ of idita corella is never available. And the Supreme Court has suggested the opposite in United States versus Morgan. But counsel, you seem to be relying pretty heavily on the government's description of an ancient writ as a common law description that predates Congress enacting 2255. That's true, but United States versus Morgan. Talking about entry of judgment, forgive me. So when they talk in that common law description, we're talking about entry of judgment. That's got to be viewed in the context of all that predates the adoption of 2255. Yes, and in United States versus Morgan, the Supreme Court specifically held that these writs can survive the Congress's enactment of 2255. That was the exact scenario. If it's unavailable, that's the problem. If 2255 relief were unavailable, your argument would be very persuasive. The difficulty is that it is available to your client. It will be, and it's not yet. Well, it will be, exactly. I mean, there is some question about whether this kind of claim is cognizable under 2255. It's an unusual kind of claim. It's not a sufficiency claim. Obviously, I don't want to foreclose that argument, but where it's particularly applicable and where it was necessary to be resolved before the resentencing, because these issues were directly at issue in the resentencing, was before the resentencing happened. Necessary to be revolved before sentencing is where you're missing me. You're losing me there. Why is it necessary to resolve this? It would be preferable from your client's perspective to be sure, but why necessary? Given that 2255 is available. The resentencing decision required the district court to decide whether there should be an official victims enhancement. The trial court held in this case that to make that decision, he had to decide whether the offense was based on the KJNP episode or instead based on the database theory. He decided to base it on the KJNP episode, even though the Ninth Circuit opinion specifically held that it was not available. Right. We understand that. And why can't you remedy that in 2255? Well, I mean, first of all, my client was not actually aggrieved by the lack of an official victim enhancement. But what I'm saying is the whole procedure was hard to understand what the nature and circumstance of the offense was. It was hard to develop arguments on this. The entire judicial decision on resentencing was in tension with the Ninth Circuit memorandum opinion on this. I fully appreciate that. And your argument, I think, is that at resentencing, there was a fundamental flaw in the posture of the case. I'm just trying to figure out why your position is that that is not redressable in 2255. Well, the other issue is judicial efficiency and the fact that courts want clients to bring these issues when they become available. You don't want to have a ruling that says defendants hold back your issues until finality. With all due respect, I think judicial efficiency counsels for waiting for the proper vehicle to bring it. I mean, I think there's some tension here. If we went your way, boy, our calendar would be full of a whole bunch of interlocutory appeals or writs. So. With respect, I think this is a very rare factual scenario where there's a new legal development that was not available previously. I'd like to reserve any remaining time I have. OK, thank you. I just comment that it won't be novel for long if we if we go your way. Let's hear from the government. May it please the court, James Pierce for the United States. There are five distinct ways that this court can affirm the district court's correct conclusion that the defendant is not entitled to the acquire a writ. But the most straightforward is sequentially the fifth, which all three of your honors have discussed, which is there's no gap to be filled here. Aditya Kerala is a gap filling bit and it is available when no other post-conviction remedies are. And just along that lines, Valdez Pacheco does say that you have to if you have a twenty two fifty five, you can't rely on this writ if that will be available. They don't couch it in jurisdictional terms. Is this a jurisdictional requirement, meaning the court? We just don't have any jurisdiction over it, or is it just we can't grant the writ? I believe the latter. I don't think it's jurisdictional. Frankly, I think there's another jurisdictional confusion in this case that wasn't the source of any discussion when my colleague was speaking about the difference between federal jurisdictional nexus and sort of subject matter jurisdiction. But the answer, no, I don't believe it's a jurisdictional consideration. It's one of the three criteria that a Aditya Kerala petitioner must satisfy. And the reason I'm asking that question is because the Supreme Court has held in a number of cases that this is a jurisdictional requirement under the All Writs Act. And that's why I'm wondering whether there's some exception to. I'm not familiar. I've never heard of an Aditya Kerala writ. But is there some exception where that's not jurisdictional? And that's why we came out the way we did involved as Pacheco. And so it's just a it's just a merits based standard to deny the writ. Well, does this I guess that's my question. Does this fall outside of the general rule that the Supreme Court has said that the All Writs Act requires no alternative remedies, even for the Court of Appeals to have jurisdiction? So I don't know the answer. And I'm not aware of a case that sort of fleshes out this particular question or handles this particular issue. I will say there's no court that I'm aware of that has called the unavailability of the writ because of other 2255, a jurisdictional requirement. And certainly the Supreme Court in relatively recent cases has acknowledged, I think, Manrique from a couple of terms ago, that at times calling things jurisdictional, in fact, refers to something like a claims processing rule. And so it may well be. And I do not think that it is a jurisdictional problem that this court could not decide the case sort of relatedly. We argue that there are two doctrines also not jurisdictional, but that have essentially a preclusive effect or discretionary doctrines that counsel against getting to the merits at all the law of the case doctrine and the mandate rule. Of course, neither of those are jurisdictional. But when we're talking about judicial efficiency, those are also reasons why this court need not and should not decide the merits of the audit aquarela claim. Opposing counsel relied on the definition you supply to support the argument that the writ is available to her. What's your response to that? So what I understood that argument to address is the second of the three audit aquarela requirements. So the first, it has to be a meritorious legal argument. The second is that the defense or the argument must have arisen after the judgment. And the third, of course, is this redressability through some other mechanism. So it only applies to that second one. It's not responsive to the addressability and it doesn't talk about the merits. But there's certainly no cases that suggest the reading that the defendant offers. We cited there a treatise. That treatise describes how in the relatively few instances where courts grant audit aquarela relief, there are only two that are discussed in this case. In fact, only one that is an actual case that is found on Westlaw. The court relies on a decision that has been made, a precedential decision in another case. Not a decision within the case itself. And it's in addition to not finding any case law, there's really no sensible way that you can call an issue that arises in the course of one's own case something that has arisen after the judgment has come about. Well, it strikes me as you've both done a great job at briefing a really creative and interesting issue. I appreciate it very much. And I certainly appreciate defense counsel's tenacity. My concern with this definition that the government has applied is that we're talking about an ancient writ that predates all of the statutory innovations that we're talking about. So it just seemed to me to be a square peg in a round hole. And I don't know if your honor is referring specifically to this question of when the defense I'm referring to, and maybe there's not really a question baked in there, but I'm referring to, Judge Rollenton's question about the definition that you supplied. We're talking about an ancient writ. So it's difficult for me to glom on to that definition and conclude that there's a reason that a remedy is not available pursuant to 2255. 2255 didn't exist at the time. That's true. But of course, Congress, when it enacted 2255, operates against the backdrop that they understand about the existence of the ancient writs. And so courts have tried. What was your purpose in supplying that definition? What were you trying to communicate to us? I think we were trying to define how courts and treatises have understood the requirement that to qualify for autite querela relief, the defense or the argument must arise after the judgment has issued in the case. And that's a straightforward part of a sort of black letter law of autite querela from the handful of cases in this circuit and in other circuits. And I think it only poses a slightly more interesting question here because of the novel approach that the defendant takes of trying to invoke development in his own case, as opposed to in other cases, the relatively straightforward analysis of was this an issue that arose at some point after the case is otherwise final, right? I mean, the Kenny case of the Middle District of Pennsylvania involved an issue where the defendant's conviction was under the Begay Supreme Court case and third circuit precedent, no longer qualified as a crime of violence. And 2255 wasn't available. You couldn't get it through the second or successive 2255. And so therefore, autite querela could do some work. Here, the defendant is essentially trying to rely on a decision from this, not essentially, is trying to rely on a decision from this court and calling that a post-judgment development, which, again, runs afoul, I think, of certainly anything that courts have done in the autite querela sense. And also, I would suggest common sense. I'm happy to address the merits of the underlying argument or to talk about the law of the case or mandate rule. But if the court has no further questions, I don't need to address those. It appears not. Thank you very much. Thank you, Your Honor. Just very briefly, La Framboise from this court holds that a 2255 motion is not available during the period that we're discussing. It's not available until the judgment becomes final. And there is no requirement in the autite querela case law that the judgment be final. It just has to have been entered or rendered. This is the appropriate time for an autite querela motion to be granted, and there is no case law forbidding it in these circumstances because the 2255 motion was not available. Thank you. Thank you, counsel. Thank you to both counsel for your helpful argument in this interesting case. The case as argued is submitted for decision by the court.
judges: Rawlinson, Christen, R. Nelson